**VIA ECF**

Honorable Ronnie Abrams
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 1007

Re:    *Morley v. Oliver, et al.* | Case No. 25-cv-2563 (RA)
       Joint Letter in Response to Order and Notice of Initial Conference [Dkt. 7]

Dear Honorable Judge Abrams:

Pursuant to the Court's Order and Notice of Initial Conference ("Order") in the above matter, the parties hereby submit this joint letter addressing the issues identified therein.

At the outset, the parties note that the Court's Order provides that if Defendants have not yet filed a responsive pleading, the parties shall notify the Court by no later than May 23, 2025. Accordingly, the parties hereby report to Your Honor that, pursuant to Defendants' Acknowledgements of Service in this matter, their responsive pleadings are not yet due until May 30, 2025, the same day on which the parties' telephonic conference is set to be held. While the parties stand ready to conduct the hearing, to the extent the issues addressed herein or by the parties' jointly proposed case management plan suggest to the Court that adjournment to a later date is appropriate, the parties so consent to the Court's direction.

1.    <u>A brief description of the nature of the action and the principal defenses thereto</u>:

Plaintiff Dr. Brian Morley has brought a defamation claim against Defendants John Oliver and Partially Important Productions, LLC in response to an episode of *Last Week Tonight With John Oliver* aired on April 14, 2024. Plaintiff alleges, and Defendants deny, that he was defamed by a particular segment of the episode through a variety of statements and images. The statements and images on which Plaintiff principally relies are set forth in paragraph 48 of the Complaint. Without limiting the scope of Defendants' available First Amendment and other defenses, Defendants' principal anticipated defenses are (1) the episode accurately conveyed the content of Morley's testimony in an official proceeding and is therefore protected by the fair report privilege, (2) a number of the statements at issue are not "of and concerning" Morley, (3) many of the statements are constitutionally protected opinion, and (4) Morley does not plead facts sufficient to state a claim for defamation.  Defendants also anticipate seeking their attorney's fees under New York's anti-SLAPP law.

2.    <u>A brief explanation of why jurisdiction and venue lie in this Court</u>:

Plaintiff is an individual citizen and resident of Pennsylvania. Defendant John Oliver is an individual citizen of New York residing in this District. Defendant Partially Important Productions, LLC is a Delaware limited liability company registered to do business in New York, whose sole member is Avalon Television, Inc., a California corporation with its principal

place of business in California. The episode was filmed and broadcast from this District. The parties stipulate that there exists complete diversity between the parties and that the jurisdictional prerequisites of 28 U.S.C. § 1332(a)(1) are met, and that venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1)-(2).

3.     A brief description of all contemplated and/or outstanding motions:

Plaintiff anticipates one additional motion to appear *pro hac vice* to be filed shortly by additional counsel of the firm Wade, Grunberg & Wilson, LLC.

Defendants expect to file a Rule 12(b)(6) Motion on May 30, 2025, asserting a variety of First Amendment and state law defenses to Plaintiff's claim for defamation and seeking attorney's fees under New York's anti-SLAPP law.

4.     A brief description of any discovery that has already taken place, and/or that which will be necessary for the parties to engage in meaningful settlement negotiations:

The parties have not engaged in discovery. Defendants requested during the parties Rule 26(f) conference and in the proposed case management plan, and Plaintiff consents, to the discovery period being stayed pending the Court's resolution of Defendants' anticipated Rule 12(b)(6) motion to conserve resources, including because Defendants' motion goes to the Complaint as a whole rather than seeking disposition of any isolated issue or claim. Discovery in this matter is likely to span multiple states and consist of several depositions, all of which would be unnecessary in the event the Court grants Defendants' motion to dismiss.

The parties do not anticipate meaningful settlement negotiations being possible until they have clarity on the Court's view of the issues raised in the Rule 12(b)(6) motion. In general, if the Rule 12(b)(6) motion is not granted in its entirety, the parties anticipate that at least document discovery and party depositions may be required to have meaningful settlement negotiations.

5.     A brief description of prior settlement discussions (without disclosing the parties' offers or settlement positions) and the prospect of settlement:

Pursuant to Rule 26(f), the parties addressed the possibility for promptly settling or resolving the case and conceptual means available for doing so. At this time, the prospect of settlement is poor to none, including pending resolution of Defendants' forthcoming Rule 12(b)(6) motion.

6.     The estimated length of trial:

The parties presently estimate five days for trial. The parties may wish to revise that estimate following discovery and an opportunity to more fully assess the number of likely trial witnesses and amount of documentary evidence.

7.     <u>Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case</u>:

This case will likely include disagreement on a number of First Amendment and state law issues that the parties will fully brief on Defendants' forthcoming motion to dismiss.


Sincerely,


/s/ G. Taylor Wilson
G. Taylor Wilson (*pro hac vice*)
GA Bar No. 460781
twilson@wgwlawfirm.com
Nicole Jennings Wade (*pro hac vice*)
Georgia Bar No. 390922
nwade@wgwlawfirm.com
Jonathan D. Grunberg (*pro hac vice* forthcoming)
Georgia Bar No. 869318
jgrunberg@wgwlawfirm.com

**WADE, GRUNBERG & WILSON, LLC**
729 Piedmont Ave. NE
Atlanta, Georgia 30308
404-600-1153
470-970-4303 (fax)

**FIRESTONE GREENBERGER PLLC**

Jordan Greenberger (JG-0316)
104 West 40th Street, 4th Floor
New York, NY 10018
212-597-2255
jg@firegreenlaw.com


*Counsel for Plaintiff Dr. Brian Morley*

/s/ Michael Berry
Michael Berry
Elizabeth Seidlin-Bernstein

**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel: (215) 665-8500
Fax: (215) 864-8999
berrym@ballardspahr.com
seidline@ballardspahr.com

Sasha Dudding (application forthcoming)
1675 Broadway, 19th Floor
New York, NY 10019
Tel: (212) 223-0200
Fax: (212) 223-1942
duddings@ballardspahr.com

*Attorneys for Defendants John Oliver and Partially Important Productions, LLC*