# Exhibit D

E-FILED  2017 SEP 01 3:08 PM POLK - CLERK OF DISTRICT COURT

Iowa Department of Inspections and Appeals
Division of Administrative Hearings
Wallace State Office Building – Third Floor
502 East Ninth Street
Des Moines, Iowa 50319-8082

NATHAN MCDONALD,

        appellant,                                                                Appeal No. 17006779

v.                                                                                      Program(s): MED

IOWA DEPARTMENT OF
HUMAN SERVICES,                                                         PROPOSED DECISION

        respondent.

STATEMENT OF THE CASE

On April 11, 2017, Iowa Home Care, L.L.C., on behalf of Nathan McDonald, filed the appeal.  On May 25, 2017, the administrative law judge conducted the rescheduled hearing by teleconference call.   Judith R. Lynn Boes, attorney, represented Iowa Home Care. Nicholas Mauro, attorney, represented AmeriHealth Caritas Iowa (ACI).  Dr. Brian Morley, Jonah Rogers, and Rachel Eick testified at the hearing.

The record included the ACI first-level appeal outcome letter, appeal with attachments, IM summary, ACI summary with exhibits A-J, Iowa Home Care exhibits 1-4, and digital recording.

ISSUE

Whether the managed care organization (MCO) correctly denied payment of all requested home health aide visits.

DECISION

The action of ACI partially denying payment is AFFIRMED (i.e., found to be correct).

**EXHIBIT**

**1**

exhibitsticker.com

E-FILED  2017 SEP 01 3:08 PM POLK - CLERK OF DISTRICT COURT

Appeal No. 17006779
Page 2

FINDINGS OF FACT

McDonald, who was 32 years old, was diagnosed with cerebral palsy, asthma, and hypertension.

Since as early as May 2015, McDonald participated in a home- and community-based (HCBS) waiver and Medicaid programs. (IM summary)

In 2016, ACI, a managed care organization (MCO), contracted with the department. (exhibit I)

McDonald was an enrollee with ACI.

Iowa Home Care was a participating provider of home health aide services with the Iowa Medicaid program.

As early as March 2012, Iowa Home Care provided home health aide services to McDonald.

In October 2016, ACI approved a request for prior authorization for Iowa Home Care to provide McDonald with one skilled nursing visit and one-hundred eighteen home health aide visits from October 14, 2016 to December 12, 2016.

During the period at issue (December 13, 2016 – February 10, 2017), McDonald lived with two disabled roommates in an apartment. (Iowa Home Care appeal summary)

On December 8, 2016, Ms. R, R.N., completed a 60 day summary for McDonald.  McDonald left home for work and social events; he was not home bound.  McDonald's cerebral palsy, asthma, and hypertension were well-managed.  McDonald had not been hospitalized, had not received emergency room services, and had not fallen.  McDonald remained in need of home health aide services to assist with safe ADLs.  Although Ms. B and Ms. Be were listed as caregivers, neither was available to provide care due to living in a different home and having a full-time job.

Ms. R completed a recertification OASIS for McDonald.  McDonald was able to dress his lower body and his upper body without assistance if clothes and shoes were laid out or handed to him.  McDonald was able to bathe or shower in tub with the intermittent

E-FILED  2017 SEP 01 3:08 PM POLK - CLERK OF DISTRICT COURT

Appeal No. 17006779
Page 3

assistance of another person.  McDonald was able to toilet transfer independently. McDonald was able to transfer with minimal assistance or with use of an assistive device. (exhibit 3)

Ms. R completed a *Home Health Certification and Plan of Care* for McDonald.  McDonald's functional limitations were endurance and ambulation.  McDonald was oriented.

Ms. R completed an *Addendum to Plan of Care* for McDonald.  McDonald was in need of home health aide services twice per day, seven days per week (limit: 28 hrs./wk.).

McDonald was in need of the following AM cares: to assist with personal cares, including bath/shower, dressing, hair care, skin care, foot care, check pressure areas, nail care, oral care, shaving, elimination, medication reminders.

McDonald was in need of the following PM cares: to assist with personal cares, including bath/shower, dressing, hair care, skin care, foot care, check pressure areas, nail care, oral care, shaving, elimination, medication reminders.

On December 8, 2016, Dr. N, McDonald's physician, certified to the need for continued home health aide services, as recommended by Ms. R, for McDonald. (exhibits C, 2)

On January 5, 2017, Iowa Home Care submitted, to ACI, a request for prior authorization of one skilled nursing visit and one hundred twenty home aide visits for McDonald for the period of December 13, 2016 to February 10, 2017. (testimony of Eick)

On January 11, 2017, ACI entered the following information regarding McDonald into InterQual® Home Health Care/ Q&A/ Adult to assess McDonald's need for home health aide services:

McDonald was not homebound.  McDonald had a continued need for skilled assessment or intervention.  Due to a physical deficit, McDonald was unable to manage care.  McDonald was in need of long term care.  McDonald lacked dexterity to manage care.  McDonald was in need of ongoing home care services.  Home health aide services were directly related to treatment of current condition and McDonald continues to require minimal assistance or greater with ADLs or IADLs.  McDonald had minimal functional impairment.  McDonald ambulated with the assistance of a person or device.

E-FILED  2017 SEP 01 3:08 PM POLK - CLERK OF DISTRICT COURT

Appeal No. 17006779
Page 4

According to InterQual® criteria, McDonald was in need of five home health aide visits every two weeks. (exhibit B)

On January 11, 2017, ACI issued a decision letter approving the request for prior authorization of one skilled nursing visit and 50 home health aide visits effective January 11, 2017 for McDonald from December 13, 2016 to February 10, 2017 as there was "no record of severe functional limitations in the absence of any other caregivers or homebound status.  Its decision was based on a medical director review along with the InterQual® review summary. (exhibit A)

On January 30, 2017, Mr. A, a physician assistant, prepared a letter stating that McDonald needed assistance with "ADLs, grooming and etc."

On February 7, 2017, Iowa Home Care filed a first-level appeal of ACI's partial denial (70) of home health aide visits for McDonald. (exhibit C)

On March 6, 2017, ACI issued a first-level appeal outcome letter upholding its partial denial (70) of home health aide visits from December 13, 2016 to February 10, 2017 because the information reviewed by a specialist who was board verified in internal medicine failed to establish medical necessity. (exhibit F)

On April 7, 2017, Iowa Home Care provided additional information:

- Feb 09, 17: Mr. W made a home visit to complete a comprehensive follow-up/recertification and recertification OASIS of McDonald.  At home, McDonald preferred to crawl.  Away from home, McDonald used a walker and wheelchair.  McDonald required assistance dressing his upper body and his lower body.  McDonald was able to bathe with the intermittent assistance of another person.  McDonald was not a fall risk.

- Feb 09, 17: Mr. W, R.N., completed a 60 day summary of McDonald.  McDonald left home for work and social events; he was not home bound.  McDonald's cerebral palsy, asthma, and hypertension were well-managed.  McDonald had not been hospitalized, had received emergency room services, and had not fallen.  McDonald remained in need of home health aide services to assist with safe ADLs.  Although Ms. B and Ms. Be were listed as caregivers, neither was available to provide care due to living in a different home and having a full-time job. (exhibit G)

E-FILED  2017 SEP 01 3:08 PM POLK - CLERK OF DISTRICT COURT

Appeal No. 17006779
Page 5

On May 23, 2017, Iowa Home Care reported that McDonald had impaired judgment and impaired insight.  McDonald's gait was slow and unsteady.  McDonald had decreased range of motion and strength in his lower extremities.  McDonald's wrists did not extend all the way and his fingers had poor muscle tone, making it difficult to grasp objects. McDonald required direction and oversight of all personal cares to assure their safe and adequate completion.  McDonald had poor personal hygiene and was unable adequately to complete perineum cares. (Iowa Home Care appeal summary)

On May 25, 2017, Dr. Morley, M.D., a medical director with ACI who was board certified in family practice, opined that based on his review of McDonald's medical records, InterQual® criteria, and his medical judgment, from February 11, 2017 to April 11, 2017, McDonald was not in need of the seventy additional home health aide visits that were requested. (testimony of Dr. Morley)

CONCLUSIONS OF LAW

The Medical Assistance (Medicaid) Program is authorized by Title XIX of the Social Security Act, 42 Code of Federal Regulations (CFR) Parts 430 through 456, and Iowa Code chapter 249A.   The department has promulgated rules to implement the Program at Iowa Administrative Code (IAC) 441--chapters 73 through 92.

 "Managed care organization (MCO)" means an entity that (1) is under contract with the department to provide services to Medicaid recipients and (2) meets the definition of "health maintenance organization." See 441 IAC section 73.1.

The managed care organization shall provide, at a minimum, all benefits and services deemed medically necessary that are covered under the contract with the agency. See 441 IAC section 73.6(1).

Payment shall be made for unskilled services provided by a home health aide if certain conditions are met. See 441 IAC section 78.9(7).

Home health aide services as well as the frequency and duration are to be stated in a written plan of treatment established by a physician. See 441 IAC section 78.9(7)"a".

E-FILED  2017 SEP 01 3:08 PM POLK - CLERK OF DISTRICT COURT

Appeal No. 17006779
Page 6

Home health aide services provided for four to seven days per week, not to exceed 28 hours per week, when ordered by a physician and included in a plan of care shall be allowed as intermittent services.

Home health aide daily care may be provided for persons employed or attending school whose disabling conditions require the persons to be assisted with morning and evening activities of daily living in order to support their independent living.

Personal care services include the activities of daily living, e.g., helping the member to bathe, get in and out of bed, care for hair and teeth, exercise, and take medications specifically ordered by the physician, but ordinarily self-administered, and retraining the member in necessary self-help skills.

See 441 IAC section 78.9(7)"c".

The services covered by Medicaid shall: be consistent with the diagnosis and treatment of the patient's condition; be in accordance with standards of good medical practice; be required to meet the medical need of the patient and be for reasons other than the convenience of the patient or the patient's practitioner or caregiver; be the least costly type of service which would reasonably meet the medical need of the patient; be eligible for federal financial participation unless specifically covered by state law or rule; be within the scope of the licensure of the provider; be provided with the full knowledge and consent of the recipient or someone acting in the recipient's behalf unless otherwise required by law or court order or in emergency situations; and be supplied by a provider who is eligible to participate in the Medicaid program. See 441 IAC section 79.9(2).

"Nursing facility level of care" for the HCBS health and disability (HD) waiver program means that the following conditions are met:

1. The presence of a physical or mental impairment which restricts the member's daily ability to perform the essential activities of daily living, bathing, dressing, and personal hygiene, and impedes the member's capacity to live independently.

2. The member's physical or mental impairment is such that self-execution of required nursing care is improbable or impossible. See 441 IAC section 83.1.

E-FILED  2017 SEP 01 3:08 PM POLK - CLERK OF DISTRICT COURT

Appeal No. 17006779
Page 7

In the case at issue, McDonald, who was 32 years old, was diagnosed with cerebral palsy, asthma, and hypertension. McDonald had decreased range of motion and strength in his lower extremities.  McDonald's wrists did not extend all the way and his fingers had poor muscle tone, making it difficult to grasp objects. McDonald's functional limitations were endurance and ambulation.  McDonald was oriented. At home, McDonald preferred to crawl.  Away from home, McDonald used a walker and wheelchair.  McDonald was not home bound.  McDonald did not have any informal care givers to provide or assist him with his personal cares.

As of December 8, 2016, McDonald had received an average of two home health aide visits per day and a skilled nursing visit during the past 60 days.  McDonald's cerebral palsy, asthma, and hypertension were well-managed.  McDonald had not been hospitalized, had not received emergency room services, and had not fallen.

According to the recertification OASIS completed by Ms. R, a nurse with Iowa Home Care, as of December 8, 2016, McDonald was able to dress his lower body and his upper body without assistance if clothes and shoes were laid out or handed to him.  McDonald was able to bathe or shower in tub with the intermittent assistance of another person.  McDonald was able to toilet transfer independently.  McDonald was able to transfer with minimal assistance or with use of an assistive device.

Ms. R testified that on multiple occasions, she had assessed McDonald and developed care plans for him.  On the December 8, 2016 recertification OASIS, Ms. R erred when she reported that McDonald was fairly independent with dressing.

Ms. R did not explain how, after assessing McDonald on multiple occasions, she erred when she reported that McDonald was fairly independent with dressing and bathing.  For the purpose of assessing McDonald's home health care needs for the authorization period of December 8, 2013 to February 10, 2017, the information provided by Ms. R on the December 8, 2016 recertification was deemed to be reliable.

On December 8, 2016, Ms. R prepared a *Home Health Certification and Plan of Care* for McDonald to receive one skilled nursing visit and 120 home health aide visits (i.e., two visits per day) for the authorization period of December 13, 2017 to February 10, 2017. Dr. N, McDonald's physician, certified to the need for continued home health aide services, as recommended by Ms. R, for McDonald.

E-FILED  2017 SEP 01 3:08 PM POLK - CLERK OF DISTRICT COURT

Appeal No. 17006779
Page 8

On May 25, 2017, Dr. Morley, M.D., a medical director with ACI who was board certified in family practice, opined that based on his review of McDonald's medical records, InterQual® criteria, and his medical judgment, from February 11, 2017 to April 11, 2017, McDonald was not in need of the seventy additional home health aide visits that were requested.

Dr. N, McDonald's physician, did not explain why, when McDonald independently was able to move around his apartment, was able to dress his lower body and his upper body without assistance if clothes and shoes were laid out or handed to him, was able to bathe or shower in tub with the intermittent assistance of another person, and was able to toilet transfer independently, two home health care visits per day for the period of December 13, 2016 to February 10, 2017 were medically necessary.

Based on the record submitted, the certification of Dr. N that for the period of December 13, 2016 to February 10, 2017, two home health care visits per day for McDonald were medically necessary was discounted.

In line with the medical opinion of Dr. Morley, fifty home health care visits for the period of December 13, 2016 to February 10, 2017 were medically necessary. 441 IAC sections 78.9(7) and 79.9(2)

The action of ACI denying payment of an additional seventy home health aide visits for McDonald for the period of December 13, 2016 to February 10, 2017 is AFFIRMED. 441 IAC sections 78.9(7) and 79.9(2).

ORDER

If the director of the department adopts the Proposed Decision as the department's final decision, then ACI needs to take no further action.

Issued this 12th day of June, 2017.

*Charles B. Tarvin*

Charles B. Tarvin
Administrative Law Judge
Iowa Department of Inspections and Appeals
CBT