# Exhibit E



# Iowa Department of Human Services

| Kim Reynolds | Adam Gregg | Jerry R. Foxhoven |
|---|---|---|
| Governor | Lt. Governor | Director |

August 4, 2017

Nathan McDonald
923 SE Delaware Ave Apt A
Ankeny, IA  50021

RE: Appeal #:  MED 17006779 Nathan McDonald
    Case #:      8873000306

## FINAL DECISION

After review of the record the **PROPOSED DECISION** you received dated June 12, 2017, is **ADOPTED** as the **FINAL DECISION**.

## DISCUSSION

A Proposed Decision was issued stating the managed care organization, AmeriHealth Caritas Iowa, correctly denied a request for prior authorization of home health aide visits. The appellant disagreed with the Proposed Decision and an attorney requested a review on his behalf. The attorney argues the Proposed Decision was affected by errors of law. The attorney states the decision was arbitrary and capricious and based upon an abuse of discretion and a lack of evidence.

In this case, Iowa Home Care submitted a request for prior authorization for one skilled nurse visit and 120 home health aide visits for December 13, 2016 through February 10, 2017. Upon physician review, AmeriHealth Caritas Iowa approved 50 home health aide visits for this timeframe and denied the remaining 70 visits requested.

"Services shall be provided on an intermittent basis. "Intermittent basis" for home health agency services is defined as services that are usually two to three times a week for two to three hours at a time. Services provided for four to seven days per week, not to exceed 28 hours per week, when ordered by a physician and included in a plan of care shall be allowed as intermittent services. Increased services provided when medically necessary due to unusual circumstances on a short-term basis of two to three weeks may also be allowed as intermittent services when the home health agency documents the need for the excessive time required for home health aide services…Personal care services include the activities of daily living, e.g., helping the member to bathe, get in and out of bed, care for hair and teeth, exercise, and take medications specifically ordered by the physician, but ordinarily self-administered, and retraining the member in necessary self-help skills…441 IAC 78.9(7)(c)."

**EXHIBIT**

**2**

exhibitsticker.com

- 2 -

"The number of hours of home health agency services shall be reasonable and appropriate to meet an established medical need of the member that cannot be met by a family member, significant other, friend, or neighbor. Services must be medically necessary in the individual case and be related to a diagnosed medical impairment or disability.  441 IAC 78.9(249A)."

"The managed care organization shall provide, at a minimum, all benefits and services deemed medically necessary that are covered under the contract with the agency. In accordance with federal funding requirements, including 42 CFR 438.210(a)(3) as amended to October 16, 2015, the managed care organization shall furnish covered services in an amount, duration and scope reasonably expected to achieve the purpose for which the services are furnished…441 IAC 73.6(1)."

"The managed care organization may place appropriate limits on services on the basis of medical necessity criteria for the purpose of utilization management, provided the services can reasonably be expected to achieve their purpose in accordance with the contract…441 IAC 73.6(2)."

The attorney argues the Proposed Decision contained a legal error when it failed to recognize the invalidity of InterQual.  However, InterQual serves as a utilization management tool to assist the reviewing physician.  InterQual is not the actual decision maker for home health aide services and is not a substitute for the physician's independent medical judgment.

The managed care organization's physician, Dr. M, testified that physicians utilize their own medical expertise when making a Medicaid coverage determination.  Dr. M opined twice daily home health aide visits were not medically necessary for the appellant.  It shall be noted that a physician review of a request for services may result in the physician approving more (or less) visits than recommended by InterQual.

The attorney argues the Home Health Certification and Plan of care as well as the 60-day summary shows the home health aide visits requested are necessary to assist the appellant with his activities of daily living.  However, these documents do not automatically establish medical necessity.  While a physician may believe an item of service is medically necessary, this does not guarantee that a member's health plan will cover the requested service.

The appellant's claims with respect to legal errors and claims of constitutional and statutory violations lack merit.

The attorney indicates the Findings of Fact omitted significant facts in this case.  While the Proposed Decision may not have recited all of the testimony provided or evidence presented during the appeal hearing, this does not mean that it was not considered. Due to the volume of administrative appeals handled each year, it is not possible for the administrative law judge to specifically mention or discuss every possible argument. See *Iowa Citizen/Labor Energy Coalition, Inc. v. Iowa State Commerce Comm'n,* 335 N.W.2d 178, 181-82 (1983); see also *Heartland Acad. Cmty. Church V. Waddle,* 595 F.3d 798, 806 (8th Cir. 2010) (holding that, even in federal court, a district court is not required to provide an exhaustive written analysis on the

- 3 -

merits of every claim).  It is reasonable to believe the administrative law judge considered all of the testimony in this case before writing the Proposed Decision.

The adequacy of the evidence in the record to support a particular finding of fact must be judged in light of all relevant evidence in the record, including any determinations of veracity by the presiding officer who personally observed the demeanor of the witnesses and the agency's explanation of why the relevant evidence in the record supports its findings of fact.  Iowa Code Section 17A.19(10)(f)(3).

Where the evidence is in conflict or where reasonable minds might disagree about the conclusion to be drawn from the evidence, the Court must give appropriate deference to the agency's findings.

During the time period requested, the appellant's chronic medical conditions were well-managed.  He had not been hospitalized, had not received emergency room services and had not fallen.  He is able to dress himself without assistance if clothes and shoes are laid out or handed to him.  He is able to bathe or shower in the tub with intermittent assistance of another person.   He is able to safely transfer with minimal assistance or with use of an assistive device.

The record and testimony given during the hearing does not establish medical necessity for 70 additional home health aide visits for the appellant from December 13, 2016 through February 10, 2017.  AmeriHealth Caritas Iowa approved 50 home health aide visits for this same timeframe.  It is believed the appellant could obtain the services he needed with that amount of home health aide visits.  Therefore, the decision made by AmeriHealth Caritas Iowa is correct and must be AFFIRMED.

The department is directed to implement the directions contained in the Proposed Decision.

Please call (515)-281-8438 collect if you have any questions with regard to this decision.

Under the provisions of Section 17A.19, Code of Iowa, you may file an appeal to the District Court in Polk County or in your county within thirty days of the date of this **FINAL DECISION** if you are dissatisfied with the decision.  Within ten days after the filing of a petition for judicial review a copy of the petition shall be mailed to:

> Jerry R. Foxhoven, Director
> Department of Human Services, Fifth Floor
> 1305 East Walnut
> Des Moines, Iowa 50319-0114

Sincerely,

Jerry R. Foxhoven
Director

- 4 -


JRF/NF/dd

cc:
    Polk Co. – Heather Dea CMM1
    IME Policy
    AAC IME
    Iowa Med Enterprise – Liz Matney
    Mailbox – Appeals AmeriHealth Caritas Iowa
    Mailbox – Appeals IME
    Provider – Jodi Hightshoe
    Mailbox – County Polk
    Attorney – Judith R Lynn Boes
    Attorney – Nicholas Mauro
    DIA ALJ – Charles B Tarvin
    af