# Exhibit F

E-FILED  2017 SEP 01 3:08 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| NATHAN MCDONALD, | Case No. |
| Petitioner, | |
| v. | **PETITION FOR JUDICIAL REVIEW** |
| IOWA DEPARTMENT OF HUMAN SERVICES, | |
| Respondent. | |

COMES NOW the Petitioner, Nathan McDonald, and pursuant to Iowa Code §17A.19 seeks judicial review of the final agency decision (the "Final Decision") issued by Director Jerry Foxhoven of the Iowa Department of Human Services (hereinafter the "Department") affirming AmeriHealth Caritas Iowa's ("ACI") denial of requested home health aide visits for Mr. McDonald, a Medicaid member, and states the following:

### JURISDICTION & VENUE

1.      Mr. McDonald is an individual and Medicaid member living in Ankeny, Iowa.

2.      The Department is an agency of the State of Iowa located in Polk County, Iowa.

3.      AmeriHealth Caritas Iowa ("ACI") is an Iowa corporation that is an approved Medicaid managed care organization ("MCO") pursuant to a managed care contract with the Department, subject to rules promulgated by the Department per IOWA ADMINISTRATIVE CODE r. 441-73.

4.      Mr. McDonald has exhausted all administrative remedies and is aggrieved and adversely affected by action of the Department.

#2876665 v.2

E-FILED  2017 SEP 01 3:08 PM POLK - CLERK OF DISTRICT COURT

5.      This Petition is filed within thirty days after the issuance of the Department's Final Decision in a contested case.

6.      This Court has subject matter jurisdiction under Iowa Code § 17A.19(1) over Mr. McDonald's Petition for Judicial Review.

### NATURE OF THE AGENCY ACTION

7.      At the time the Administrative Law Judge for the Department of Inspections and Appeals issued his Proposed Decision (which was adopted by the Department as its Final Decision), Mr. McDonald was 32 years old.

8.      Mr. McDonald has been diagnosed with cerebral palsy, asthma, and hypertension.

9.      Mr. McDonald is in need of assistance twice daily for Activities of Daily Living (ADLs) and Instrumental Activities of Daily Living (IADLs).  Mr. McDonald has a slow and unsteady gait; decreased range of motion and strength in his lower extremities; poor muscle tone in his fingers, which makes it difficult for him to grasp objects; and poor personal hygiene without assistance.

10.      As a result of Mr. McDonald's cerebral palsy, he has decreased range of motion in his upper extremities and significantly impaired fine motor skills in his hands and fingers.  He cannot prepare his own meals due to his limited dexterity; he cannot transfer food from a counter to a table; he moves around his home by crawling; he cannot put on underwear, pants, socks, shoes, or even a shirt without assistance; he cannot brush his teeth without assistance; he cannot grasp soap or a washcloth; he cannot wash everywhere in a bath or shower; he cannot cleanse himself after using the toilet.

11.      Mr. McDonald needs assistance to perform ADLs and IADLs safely in the morning and evening.  Mr. McDonald requires assistance to dress or undress his upper body and

-2-

E-FILED  2017 SEP 01 3:08 PM POLK - CLERK OF DISTRICT COURT

lower body; for hair, skin, foot, or nail care; for oral care such as tooth brushing; for shaving; to bathe or shower; to cleanse himself after using the toilet; and for medication assistance.

12.    Iowa Home Care (IHC) is a participating provider of home health aide services with the Iowa Medicaid program.

13.    IHC provided home health aide services to Mr. McDonald as early as March 2012 and during that time his condition was stable, he was able to leave home for work part-time at Wal-Mart with assistance, and his medical conditions were well-managed, as a result of the level of care he was receiving from IHC's home health aide visits.

14.    Mr. McDonald had a clean appearance and lack of odor because of the level of services he was receiving: "Client will have personal care needs met with assistance of HHA services as evidenced by clean neat appearance and absence of odor thru (sic) certification period."  (Exhibit C to ALJ Hearing).

15.    ACI is the MCO that contracted with the Department to administer Medicaid funds to Mr. McDonald's healthcare providers on his behalf.

16.    On January 5, 2017, IHC submitted a request for prior authorization to ACI for one skilled nursing visit and one hundred twenty (120) home health aide visits for McDonald for the period of December 13, 2016 to February 10, 2017, which included two (2) home health aide visits per day (the "Request").

17.    IHC's Request was consistent with prior requests for home health aide visits that had been approved for Mr. McDonald.

18.    On January 11, 2017, ACI affirmed one skilled nursing visit and fifty (50) home health aide visits for the time period at issue and denied the remaining requested seventy (70) home health aide visits (the "Partial Denial").

-3-

19.    On February 7, 2017, IHC, on behalf of Nathan McDonald, filed a first level appeal of the Partial Denial with ACI.

20.    On March 6, 2017, ACI affirmed its Partial Denial.

21.    On April 11, 2017, Mr. McDonald appealed the Denial, requesting a State Fair Hearing.

22.    On May 25, 2017, Administrative Law Judge Charles B. Tarvin presided over a State Fair Hearing.  During the Hearing, the physician employed by ACI testified as part of his support for the denial and in reference to cleansing after using the toilet and inability to fully remove feces: "I would allow him to be a little dirty for a couple of days."

23.    On June 12, 2017, Judge Tarvin issued his Proposed Decision affirming the Partial Denial.  A copy of the Proposed Decision is attached to the Petition as **Exhibit 1**.

24.    On June 22, 2017, IHC, on Mr. McDonald's behalf, appealed the Proposed Decision.

25.    On August 4, 2017, Director Foxhoven adopted the Proposed Decision as the Final Decision, affirming the Partial Denial.  A copy of the Final Decision is attached to the Petition as **Exhibit 2**.

<div align="center">**PARTICULAR ACTIONS APPEALED FROM**</div>

26.    Pursuant to the Final Decision and Iowa Code § 17A.19, Mr. McDonald respectfully requests this Court reverse the Final Decision and order ACI to approve the Request in full.

<div align="center">**GROUNDS ON WHICH RELIEF IS SOUGHT**</div>

27.    DHS erred in affirming ACI's decision to partially deny Mr. McDonald's home health aide visits as outlined in the Request.  DHS's decision erred because it failed to approve

E-FILED  2017 SEP 01 3:08 PM POLK - CLERK OF DISTRICT COURT

medically necessary home health aide services; failed to recognize the relevant medical information from Mr. McDonald's treating physician and nurses regarding medically necessary home health aide services; acted inconsistent with Iowa law, including Iowa Administrative Code § 441-78.9, §441-79.9, and other relevant Iowa and Federal law relating to Medicaid eligibility; failed to provide the same services to Medicaid eligibles served by the provider as are offered to other clients of the provider as required by Iowa Administrative Code §441-79.9; applied inappropriate standards, including incorrect use of the InterQual tool, not consistent with good medical practice, as required by Iowa Administrative Code § 441-79.9; in violation of ACI's contract with the State of Iowa; in violation of Mr. McDonald's due process and other state and federal constitutional rights; in violation of the Americans with Disability Act and his right to live in the least restrictive environment possible; and was not supported by substantial evidence.

28.     Upon on information and belief, this case is one in a recent pattern and practice of ACI, acting as an MCO, arbitrarily denying medically necessary services to individuals who are entitled to Medicaid benefits.

29.     The grounds on which relief is sought are that Mr. McDonald's substantial rights have been prejudiced by the action of the Department, and the Final Decision described herein, in accordance with §17A.19 and the enumerated subsections, in that:

a.     The Department's Final Decision is unconstitutional on its face or as applied or is based upon a provision of law that is unconstitutional on its face or as applied (Iowa Code § 17A.19(10)(a));

-5-

E-FILED  2017 SEP 01 3:08 PM POLK - CLERK OF DISTRICT COURT

b.      The Department's Final Decision is beyond the authority delegated to the agency by any provision of law or in violation of any provision of law (Iowa Code § 17A.19(10)(b));

c.      The Department's Final Decision is based upon an erroneous interpretation of a provision of law whose interpretation has not clearly been vested by a provision of law in the discretion of the agency (Iowa Code § 17A.19(10)(c));

d.      The Department's Final Decision is based upon a determination of fact vested in the discretion of the agency that is not supported by substantial evidence in the record before the court when that record is viewed as a whole (Iowa Code § 17A.19(10)(f));

e.      The Department's Final Decision is inconsistent with a rule of the agency (Iowa Code § 17A.19(10)(g));

f.      The Department's Final Decision is inconsistent with the agency's prior practice or precedents and has not been justified by credible reasons sufficient to indicate a fair and rational basis for the inconsistency (Iowa Code § 17A.19(10)(h));

g.      The Department's Final Decision is the product of a reasoning that is so illogical as to render it wholly irrational (Iowa Code § 17A.19(10)(i));

h.      The Department's Final Decision is not required by law and its negative impact on the private rights affected is so grossly disproportionate to the benefits accruing to the public interest from that action that it must necessarily be deemed to lack any foundation in rational agency policy (Iowa Code § 17A.19(10)(k));

i.      The Department's Final Decision is based upon an irrational, illogical, or wholly unjustifiable interpretation of law that has not clearly been vested by a provision of law in the discretion of the agency (Iowa Code § 17A.19(10)(l));

-6-

E-FILED  2017 SEP 01 3:08 PM POLK - CLERK OF DISTRICT COURT

j.      The Department's Final Decision is based upon an irrational, illogical or wholly unjustifiable application of law to fact (Iowa Code § 17A.19(10)(m)); and

k.      The Department's Final Decision is otherwise unreasonable, arbitrary or capricious or characterized by an abuse of discretion (Iowa Code § 17A.19(10)(n)).

<center>**RELIEF REQUESTED**</center>

WHEREFORE, the Petitioner, Nathan McDonald, respectfully requests that this Petition be granted, that the Final Decision of the Department be reversed, that ACI be ordered to provide payment for the services requested, and that the Court grant such further and additional relief as the Court deems equitable under the circumstances.

Dated this **1st** day of **September**, **2017.**

Respectfully submitted,

/s/ Sarah E. Crane

| Sarah E. Crane | AT0010225 |
| Judith R. "Lynn" Böes | AT0001049 |
| Abhay M. Nadipuram | AT0011947 |

DAVIS, BROWN, KOEHN,
SHORS & ROBERTS, P.C.
215 10th Street, Suite 1300
Des Moines, IA  50309
Telephone: 515-246-7834
Facsimile: 515-471-7834
E-mail: SarahCrane@davisbrownlaw.com
        LynnBoes@davisbrownlaw.com
        AbhayNadipuram@davisbrownlaw.com

ATTORNEYS FOR PETITIONER NATHAN
MCDONALD

<center>-7-</center>

E-FILED  2017 SEP 01 3:08 PM POLK - CLERK OF DISTRICT COURT

Copies to:

Jerry Foxhoven, Director
Department of Human Services, Fifth Floor
1305 East Walnut
Des Moines, Iowa 50319-0114

Nicholas Mauro
Crawford & Mauro Law Firm
1701 Ruan Center
Des Moines, IA 50309
ATTORNEY TO AMERIHEALTH CARITAS IOWA (ACI)

Ms. Rachel Eick, RN, BSN
Iowa Home Care
2500 West University Avenue
West Des Moines, IA 50625

Mr. Nathan McDonald
923 SE Delaware Ave. Apt. A
Ankeny, IA 50021

<div style="border:1px solid">

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on **September 1, 2017** by:

| | |
|---|---|
| _X_ U.S. Mail | __ FAX |
| __ Hand Delivered | __ Overnight Courier |
| __ Federal Express | __ Other: CM-ECF/EDMS |

Signature:__/s/ Sarah E. Crane_____

</div>

-8-