IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------

BRIAN MORLEY,

      Plaintiff,

Civil Action No.: 25-cv-2563 (RA)

v.

JOHN OLIVER and PARTIALLY IMPORTANT
PRODUCTIONS, LLC,

      Defendants.

CASE MANAGEMENT PLAN
AND SCHEDULING ORDER

------------------------------------------------------------------

RONNIE ABRAMS, United States District Judge:

      Pursuant to Rules 16-26(f) of the Federal Rules of Civil Procedure, the Court hereby

adopts the following Case Management Plan and Scheduling Order:

1.      All parties do not consent to conducting all further proceedings before a United States
Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to
withhold consent without adverse substantive consequences.

2.      The parties have not engaged in settlement discussions.

3.      The case is to be tried by a jury.

4.      No additional parties may be joined after 21 days after the filing of any motion by
Defendant(s) pursuant to Rule 12(b), 12(e), or 12(f), whichever is earlier, without leave
of the Court.

5.      No amendments to the pleadings may be made after 21 days after the filing of any motion
by Defendant(s) pursuant to Rule 12(b), 12(e), or 12(f), whichever is earlier, without
leave of the Court.

6.      Except as noted in the following sentence, initial disclosures pursuant to Rule 26(a)(1) of
the Federal Rules of Civil Procedure shall be completed no later than 14 days after the
Court rules on any motion by Defendant(s) pursuant to Rule 12(b). The parties have
agreed to provide the information required by Federal Rule of Civil Procedure
26(a)(1)(A)(i) on or before June 13, 2025.

7.      All fact discovery is to be completed no later than 150 days after the Court rules on any motion by Defendant(s) pursuant to Rule 12(b).

8.      The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in ¶ 7 above.

      a.    Initial requests for production of documents shall be served no later than 90 days before the close of discovery.

      b.    Interrogatories shall be served no later than 90 days before the close of discovery.

      c.    Depositions shall be completed by the close of discovery.

      d.    Requests to Admit shall be served no later than 60 days before the close of fact discovery.

9.      All expert discovery, including disclosures, reports, production of underlying documents, and depositions shall be completed no later than 60 days after the close of fact discovery.

10.      All discovery shall be completed no later than 210 days after the Court rules on any motion by Defendant(s) pursuant to Rule 12(b).

11.      The Court will conduct a post-discovery conference on _____ at _____. Unless the parties request otherwise, the Court will hold this conference by telephone. The parties shall use the following dial-in information to call in to the conference: Call-in Number: (855) 244-8681; Meeting ID: 2305 542 4735. This conference line is open to the public. No later than one week in advance of the conference, the parties are to submit a joint letter updating the Court on the status of the case, including but not limited to whether either party intends to file a dispositive motion and what efforts the parties have made to settle the action.

12.      Unless otherwise ordered by the Court, the joint pretrial order and additional submissions required by Rule 6 of the Court's Individual Rules and Practices shall be due 30 days from the close of discovery, or if any dispositive motion is filed, 30 days from the Court's decision on such motion. This case shall be trial ready 60 days from the close of discovery or the Court's decision on any dispositive motion.

13.      Counsel for the parties propose the following alternative dispute resolution mechanism for this case:

      a.  \_\_\_\_\_ Referral to a Magistrate Judge for settlement discussions.

      b.  \_\_\_\_\_ Referral to the Southern District's Mediation Program.

      c.   \_\_\_\_\_ Retention of a private mediator.

The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order. At present, the parties expect that a decision on Defendants' forthcoming Rule 12(b) motion is required prior to considering settlement discussions.

14.    The parties have conferred and their present best estimate of the length of trial is 5 days.


SO ORDERED.

Dated: _June 2, 2025_

Ronnie Abrams
United States District Judge


Prepared by and respectfully submitted this 23rd day of May, 2025:

**WADE, GRUNBERG & WILSON, LLC**

/s/ G. Taylor Wilson
Nicole Jennings Wade (*pro hac vice*)
Georgia Bar No. 390922
nwade@wgwlawfirm.com
Jonathan D. Grunberg (*pro hac vice* forthcoming)
Georgia Bar No. 869318
jgrunberg@wgwlawfirm.com
G. Taylor Wilson (*pro hac vice*)
GA Bar No. 460781
twilson@wgwlawfirm.com

729 Piedmont Ave. NE
Atlanta, Georgia 30308
404-600-1153
470-970-4303 (fax)

**FIRESTONE GREENBERGER PLLC**

Jordan Greenberger (JG-0316)
104 West 40th Street, 4th Floor
New York, NY 10018
212-597-2255
jg@firegreenlaw.com

**BALLARD SPAHR LLP**

/s/ Michael Berry
Michael Berry
Elizabeth Seidlin-Bernstein
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel: (215) 665-8500
Fax: (215) 864-8999
berrym@ballardspahr.com
seidline@ballardspahr.com

Sasha Dudding (application forthcoming)
1675 Broadway, 19th Floor
New York, NY 10019
Tel: (212) 223-0200
Fax: (212) 223-1942
duddings@ballardspahr.com

*Attorneys for Defendants John Oliver and Partially Important Productions, LLC*

*Counsel for Plaintiff Dr. Brian Morley*