**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
  BRIAN MORLEY,                            :

                               :

               Plaintiff,         :

                               :   No. 25-cv-2563-RA

            v.                  :

                               :

JOHN OLIVER and PARTIALLY IMPORTANT  :
PRODUCTIONS, LLC,                     :

                               :

               Defendants.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**REPLY MEMORANDUM IN SUPPORT**
**OF DEFENDANTS' MOTION TO DISMISS**

BALLARD SPAHR LLP

Michael Berry
Elizabeth Seidlin-Bernstein
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel: (215) 665-8500
Fax: (215) 864-8999
berrym@ballardspahr.com
seidline@ballardspahr.com

Sasha Dudding (application pending)
1675 Broadway, 19th Floor
New York, NY 10019
Tel: (212) 223-0200
Fax: (212) 223-1942
duddings@ballardspahr.com

*Attorneys for Defendants John Oliver and*
*Partially Important Productions, LLC*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ....................................................................................... ii

PRELIMINARY STATEMENT ................................................................................. 1

ARGUMENT .............................................................................................................. 2

I.      Morley Cannot Evade Dismissal by Asserting Defamatory Meanings that Are Unreasonable................................................................................................ 2

II.     The Episode's Discussion of Morley's Testimony Is Protected by the Fair Report Privilege. ............................................................................................... 3

III.    Statements About MCOs and Facenda Are Not "Of and Concerning" Morley.................................................................................................................. 6

IV.     The Description of McDonald as a "Similar Patient" Is Protected Opinion........... 8

V.      Morley's Factual Allegations Are Insufficient to Demonstrate Actual Malice. .............................................................................................................. 9

VI.     All Exhibits Are Properly Before the Court. ...................................................... 10

VII.    If the Court Grants this Motion, Defendants Will Be Entitled to Attorney's Fees Under the Anti-SLAPP Law....................................................................... 11

# TABLE OF AUTHORITIES

**Cases**                                                                          **Page(s)**

*Adelson v. Harris*,
    774 F.3d 803 (2d Cir. 2014).........................................................................................11, 12

*Armstrong v. Simon & Schuster*,
    85 N.Y.2d 373 (1995) ...................................................................................................1

*Aviation Charter v. Aviation Rsch. Grp./US*,
    416 F.3d 864 (8th Cir. 2005) ......................................................................................8, 9

*Biro v. Conde Nast*,
    883 F. Supp. 2d 441 (S.D.N.Y. 2012)......................................................................1, 10

*Bobulinski v. Tarlov*,
    758 F. Supp. 3d 166 (S.D.N.Y. 2024).................................................................2, 11, 12

*Brimelow v. N.Y. Times*,
    2020 WL 7405261 (S.D.N.Y. Dec. 16, 2020) .........................................................10, 11

*Carroll v. Trump*,
    664 F. Supp. 3d 550 (S.D.N.Y. 2023)...........................................................................4

*Chau v. Lewis*,
    771 F.3d 118 (2d Cir. 2014).......................................................................................3, 8

*Chau v. Lewis*,
    935 F. Supp. 2d 644 (S.D.N.Y. 2013)...........................................................................6

*Cholowsky v. Civiletti*,
    69 A.D.3d 110 (2d Dep't 2009).....................................................................................6

*Compuware v. Moody's Invs. Servs.*,
    499 F.3d 520 (6th Cir. 2007) ........................................................................................9

*Dfinity Found. v. N.Y. Times*,
    702 F. Supp. 3d 167 (S.D.N.Y. 2023)...........................................................................1

*Easton v. Public Citizens*,
    1991 WL 280688 (S.D.N.Y. Dec. 26, 1991) ................................................................4

*Fine v. ESPN*,
    11 F. Supp. 3d 209 (N.D.N.Y. 2014).............................................................................5

*Fulani v. N.Y. Times*,
    260 A.D.2d 215 (1st Dep't 1999) ..................................................................................7

*Gilman v. Spitzer*,
    902 F. Supp. 2d 389 (S.D.N.Y. 2012)..................................................................6, 7

*Golub v. Enquirer/Star Grp.*,
    89 N.Y.2d 1074 (1997) ....................................................................................2

*Graham v. Long Island R.R.*,
    230 F.3d 34 (2d Cir. 2000)................................................................................8

*Henry v. Fox News Network*,
    629 F. Supp. 3d 136 (S.D.N.Y. 2022)...................................................................3

*Jeanty v. Cerminaro*,
    2023 WL 325012 (2d Cir. Jan. 20, 2023) .............................................................8

*Karp v. Hill & Knowlton*,
    631 F. Supp. 360 (S.D.N.Y. 1986) ..................................................................4, 8

*Kavanagh v. Zwilling*,
    578 F. App'x 24 (2d Cir. 2014) ..........................................................................2

*Kinsey v. N.Y. Times*,
    991 F.3d 171 (2d Cir. 2021)..............................................................................5

*La Liberte v. Reid*,
    966 F.3d 79 (2d Cir. 2020) ........................................................................11, 12

*McDonald v. E. Hampton Star*,
    10 A.D.3d 639 (2d Dep't 2004) .........................................................................5

*N.Y. Times v. Sullivan*,
    376 U.S. 254 (1964)........................................................................................3

*Nunes v. NBCUniversal Media*,
    643 F. Supp. 3d 403 (S.D.N.Y. 2022)................................................................10

*Palin v. N.Y. Times*,
    940 F.3d 804 (2d Cir. 2019)..............................................................................7

*Pisani v. Staten Island Univ. Hosp.*,
    440 F. Supp. 2d 168 (E.D.N.Y. 2006) .................................................................7

*Sandmann v. WP Co.*,
    401 F. Supp. 3d 781 (E.D. Ky. 2019) ..................................................................3

*Sorvillo v. St. Francis Prep. Sch.*,
    607 F. App'x 22 (2d Cir. 2015) ..........................................................................2

*Stanton v. Metro Corp.*,
    438 F.3d 119 (1st Cir. 2006) .................................................................7

*Stepanov v. Dow Jones & Co.*,
    120 A.D.3d 28 (1st Dep't 2014) ............................................................2

*SuperCom v. Sabby Volatility Warrant Master Fund*,
    2022 WL 493600 (S.D.N.Y. Feb. 17, 2022) ..........................................1

*Zappin v. Daily News*,
    2017 WL 3425765 (S.D.N.Y. Aug. 9, 2017) ........................................10

*Zappin v. NYP Holdings*,
    769 F. App'x 5 (2d Cir. 2019) ............................................................4, 5

**Other Authorities**

Fed. R. Evid. 201 ......................................................................................10

## PRELIMINARY STATEMENT

Morley's Opposition (Dkt. 30, "Opp.") rests on two flawed premises.  First, he contends the Episode defamed him by conveying his "testimony was about an incontinent man in diapers, who could not bathe himself, and/or that Morley illegally denied services."  Opp. at 1.  However, as Morley himself acknowledges, the Episode never actually said any such thing.  Rather, it cited his testimony to show AmeriHealth's "corporate thinking" about "the necessity of keeping people clean" as part of a discussion about MCOs' cost-cutting when overseeing Medicaid plans.  Morley nevertheless seeks to contort the Episode's meaning so he can proceed on a theory of defamation by implication, while at the same time resisting that label because it requires a more "rigorous showing."  But the defamatory meanings alleged by Morley are unreasonable, and nothing in the Episode suggests *Last Week Tonight* intended or endorsed them.

Second, Morley argues defamation complaints meeting only "a minimal standard" should survive dismissal.  Opp. at 11.  Yet multiple judges in this district have rightly relied on the state court case he cites, *Armstrong v. Simon & Schuster*, 85 N.Y.2d 373, 379 (1995), for the opposite point:  "there is 'particular value' in resolving defamation claims at the pleading stage, 'so as not to protract litigation through discovery and trial and thereby chill the exercise of constitutionally protected freedoms.'"  *Biro v. Conde Nast*, 883 F. Supp. 2d 441, 457 (S.D.N.Y. 2012) (quoting *Armstrong*, 85 N.Y.2d at 379); *accord Dfinity Found. v. N.Y. Times*, 702 F. Supp. 3d 167, 173 (S.D.N.Y. 2023), *aff'd*, 2024 WL 3565762 (2d Cir. July 29, 2024); *SuperCom v. Sabby Volatility Warrant Master Fund*, 2022 WL 493600, at *4 (S.D.N.Y. Feb. 17, 2022).

This case, too, can and should be resolved at the pleading stage.  Morley's efforts to dodge the legal bars to his claim all fail under well-established law.  The Complaint should be dismissed with prejudice.

**ARGUMENT**

I.    <u>Morley Cannot Evade Dismissal by Asserting Defamatory Meanings that Are</u>
     <u>Unreasonable.</u>

Confusingly, Morley contends he is not pursuing a claim for defamation by implication while at the same time seeking to hold Defendants "liable for what is insinuated." Opp. at 13 n.6, 14, 20-21. The defamatory meanings Morley seeks to draw from the Episode, Opp. at 1, are stated nowhere in the show itself. His claim, therefore, is necessarily for defamation by implication. *See Sorvillo v. St. Francis Prep. Sch.*, 607 F. App'x 22, 24 (2d Cir. 2015).

Accordingly, Morley "must make a rigorous showing" that the Episode "as a whole can be reasonably" understood "both to impart a defamatory inference *and* to affirmatively suggest" that *Last Week Tonight* "intended or endorsed that inference." *Stepanov v. Dow Jones & Co.*, 120 A.D.3d 28, 37 (1st Dep't 2014) (emphasis added). Both requirements present threshold legal issues. *Id.*; *see also, e.g.*, *Kavanagh v. Zwilling*, 578 F. App'x 24, 25 (2d Cir. 2014); *Bobulinski v. Tarlov*, 758 F. Supp. 3d 166, 183 (S.D.N.Y. 2024).

Morley's Opposition falls far short of making this "rigorous showing." Although he accuses *Last Week Tonight* of improperly focusing on the meaning conveyed by individual words and phrases rather than the Episode as a whole, Opp. at 12-15, Defendants' opening brief discusses the interplay of the Episode's audio and visual elements at length, Mem. of Law in Supp. of Defs.' Mot. to Dismiss (Dkt. 22, "Br.") at 8-11, and explains in detail why the meanings alleged in the Complaint are unreasonable when those elements are viewed in context, *id.* at 15-18. In contrast, Morley seeks to manufacture meanings by mashing together disparate elements from several minutes of the show while layering in his own commentary. Opp. at 14-15. The law forbids this kind of "strained or artificial construction." *Golub v. Enquirer/Star Grp.*, 89 N.Y.2d 1074, 1077 (1997).

2

Still, the individual words and phrases used in the Episode matter. *Chau v. Lewis*, 771 F.3d 118, 127-28 (2d Cir. 2014) (analyzing specific words in challenged statements from book); *Henry v. Fox News Network*, 629 F. Supp. 3d 136, 150 (S.D.N.Y. 2022) (Abrams, J.) ("[l]ooking at the statements themselves" in dismissing defamation-by-implication claim). Here, the carefully chosen words, viewed in context, make clear that *Last Week Tonight* did not intend or endorse the alleged implications. The Episode never stated Morley was involved in Facenda's case. Rather, it stated Morley's testimony was in a separate "hearing" involving a "similar patient." Moreover, unlike AJ+, Opp. at 5-6, the Episode never said Morley was testifying about individuals who need "diaper-changing," Br. at 7, 15. It said only that Morley's testimony related to "the necessity of keeping people clean." Episode at 31:01-15. Plainly, it is unreasonable to construe the Episode to affirmatively suggest *Last Week Tonight* intended or endorsed an inaccurate statement (*i.e.*, AJ+'s) that it chose *not* to repeat.

Morley also cannot rely on anonymous YouTube comments to establish a defamatory meaning that is unreasonable as a matter of law. Opp. at 6; *see, e.g.*, *N.Y. Times v. Sullivan*, 376 U.S. 254, 288 (1964) (rejecting testimony of six witnesses that they understood publication to refer to plaintiff because that understanding was unreasonable); *Sandmann v. WP Co.*, 401 F. Supp. 3d 781, 794 (E.D. Ky. 2019) (deeming it "irrelevant" to analysis of defamatory meaning that plaintiff "was scorned on social media").

## II.   The Episode's Discussion of Morley's Testimony Is Protected by the Fair Report Privilege.

Morley makes several arguments for why the Episode's reference to his testimony is not privileged. Each misses the mark.

***First***, Morley erroneously claims the fair report privilege does not apply because the Episode contains commentary. Opp. at 17-18. The law is clear, however, that the privilege

3

extends to reports of official proceedings "that are mixed with commentary or opinion." Br. at 18-19. The cases on which Morley relies do not say otherwise. In *Carroll v. Trump*, 664 F. Supp. 3d 550 (S.D.N.Y. 2023) (cited in Opp. at 17), the court concluded that the statements at issue "focus[ed] exclusively on underlying events" instead of "a judicial proceeding relating to those events." *Id.* at 559 (cleaned up). Here, the Episode quoted Morley's testimony and stated it came from an administrative proceeding. Br. at 14. In *Karp v. Hill & Knowlton*, 631 F. Supp. 360, 363 (S.D.N.Y. 1986) (cited in Opp. at 17), the court held only that "bald-faced commentary" providing *no* information about a court's ruling – which is certainly not the case here – was not privileged (although it was protected as opinion). Separately, the *Karp* court held that another statement was privileged because it "fairly characterize[d] some aspect of a judicial proceeding," *id.* at 364, just like the Episode fairly characterized one aspect of McDonald's proceeding: Morley's testimony about whether it was acceptable for a patient with cerebral palsy to "be a little dirty for a couple days." The court reached the same result in *Easton v. Public Citizens*, 1991 WL 280688, at *4-8 (S.D.N.Y. Dec. 26, 1991) (cited in Opp. at 17), *aff'd*, 969 F.2d 1043 (2d Cir. 1992), which held that the privilege protected a substantially accurate interpretation of language in an official report. The *Easton* court also held that the author's commentary "as to the significance" of that report was opinion, just as Oliver's outrage over Morley's testimony is protected as opinion. *See id.* at *7; Br. at 22-24.

**Second**, Morley's contention that the Episode improperly used "one isolated quote" from McDonald's proceeding, Opp. at 18, is meritless. Reports can be privileged even if they include only an excerpt from a proceeding or discuss only one aspect of the proceeding. *See Zappin v. NYP Holdings*, 769 F. App'x 5, 9 (2d Cir. 2019) (summarized excerpts of testimony from "only

one day of court proceedings in a multi-day trial"); *McDonald v. E. Hampton Star*, 10 A.D.3d 639, 640 (2d Dep't 2004) ("condensed but accurate" description of proceeding).

**Third**, it is irrelevant that the Episode did not reference McDonald or his case by name. Opp. at 18. The Episode made clear it was quoting an official proceeding, as Oliver said the testimony was from "a hearing," and the words "Testimony in Administrative Hearing" appeared prominently on screen. Compl. ¶ 48(e)-(g). This is no mere "overlap" between Morley's testimony and the Episode, which the very case cited by Morley demonstrates. Opp. at 18 (quoting *Fine v. ESPN*, 11 F. Supp. 3d 209, 216 (N.D.N.Y. 2014)). As that case explains, "Quotations from, and summaries of, documents or other material that the report indicates are part of a proceeding are indisputably statements 'of' that proceeding." *Fine*, 11 F. Supp. 3d at 216-17; *see also Kinsey v. N.Y. Times*, 991 F.3d 171, 180 (2d Cir. 2021) (privilege does not require that "the court filing, the court, or the jurisdiction be specifically identified in the article," only that "the reader is able to determine that the report is *of a proceeding*").

**Fourth**, it makes no difference that the relevant section of the Episode focused on Facenda. Opp. at 18. The show explicitly stated that Morley testified in a different "hearing about a similar patient." Episode at 31:08-10. As demonstrated in Defendants' opening brief, the description of McDonald as "similar" to Facenda was fair and substantially accurate. Both were Iowa men with cerebral palsy who were unable to clean themselves after bowel movements and depended on in-home care to become clean. Br. at 16. And the show referenced McDonald's hearing only to illustrate AmeriHealth's "corporate thinking" about "the necessity of keeping people clean," which is exactly what Morley discussed in his testimony. Episode at 31:10-15.

*Fifth*, Morley tries to argue that the Episode's use of his testimony was not substantially accurate by drawing a distinction between McDonald not being able to "wipe or bathe himself after bowel movements, full stop," and not cleaning himself "adequately." Opp. at 1-2; *see also id.* at 9. That is a distinction without a material difference. The Episode said Morley "testif[ied] in a hearing that he thinks it's okay if people have shit on them for days." Episode at 31:29-45. The record from McDonald's proceeding shows just that: Without more frequent in-home care, feces would remain on McDonald's skin for days, and Morley testified he did not view that as a problem. *See* Br. at 5, 14-15. *Last Week Tonight* accurately conveyed what Morley viewed as appropriate care for a man with cerebral palsy who, even by the Opposition's account, "was unable adequately to complete perineum cares." Opp. at 9. And, although Morley insists his decision was a "*grant* of services," Opp. at 20, he indisputably *cut* McDonald's services by nearly 60% – a decision AmeriHealth later reversed, Br. at 1, 5-6.

The bottom line is that reviewing the full proceeding and Morley's justification for cutting McDonald's services would not have had a different effect on the mind of a reasonable viewer than the Episode's characterization of Morley's testimony. Br. at 13; *see Cholowsky v. Civiletti*, 69 A.D.3d 110, 115 (2d Dep't 2009). Accordingly, the Episode falls within the privilege's "broad protection." *Id.* at 114.

## III.    Statements About MCOs and Facenda Are Not "Of and Concerning" Morley.

Whether the challenged statements about managed care organizations and Facenda's case are "of and concerning" Morley is not a jury question. Opp. at 15. As Morley's cited case explains, "the Court may decide this question as a matter of law where the statements are incapable of supporting a jury's finding that the allegedly libelous statements refer to a plaintiff." *Chau v. Lewis*, 935 F. Supp. 2d 644, 664 (S.D.N.Y. 2013) (cleaned up), *aff'd*, 771 F.3d 118 (cited in Opp. at 15); *see also Gilman v. Spitzer*, 902 F. Supp. 2d 389, 394 (S.D.N.Y. 2012)

("Whether a challenged statement reasonably can be understood as of and concerning the plaintiff is a question of law for the Court, which should ordinarily be resolved at the pleading stage."), *aff'd*, 538 F. App'x 45 (2d Cir. 2013).

Morley claims *Last Week Tonight* relies on "inapposite cases where only an organization and 'its employees' were referenced" rather than the plaintiff by name. Opp. at 15-16. Yet he ignores the cases cited in the opening brief holding that a reference to a plaintiff in one part of a publication does not mean all statements in the publication are "of and concerning" the plaintiff. Br. at 21; *see also, e.g.*, *Fulani v. N.Y. Times*, 260 A.D.2d 215, 216 (1st Dep't 1999) ("While plaintiff was described as 'of the NAP,' the words 'acting like a cult' refer to the NAP, not to plaintiff," so were not of and concerning her). Those cases doom Morley's "of and concerning" argument.

The cases Morley cites do not help his argument. One arose from a statement referencing "three former executives" of a hospital, "one of whom was plaintiff," and linking to a document that named the plaintiff – unlike the statements here about MCOs generally and Facenda's case specifically, which did not refer to Morley even obliquely. *Pisani v. Staten Island Univ. Hosp.*, 440 F. Supp. 2d 168, 173-74 (E.D.N.Y. 2006) (cited in Opp. at 15-16). In Morley's other cases, the publications connected the plaintiffs with the challenged statements even more directly. *See Palin v. N.Y. Times*, 940 F.3d 804, 816 (2d Cir. 2019) (cited in Opp. at 16) (challenged statements "refer[red] to Palin specifically – 'Sarah Palin's political action committee'"); *Stanton v. Metro Corp.*, 438 F.3d 119, 127-29 (1st Cir. 2006) (cited in Opp. at 16) (article on "Mating Habits" of suburban teens stated that photo of plaintiff was part of photographer's "project on teen sexuality").

IV.    **The Description of McDonald as a "Similar Patient" Is Protected Opinion.**

The only aspect of *Last Week Tonight*'s opinion argument Morley disputes is the description of McDonald as "similar" to Facenda. *See* Opp. at 22-23 & n.11 (conceding Episode's "offensive language" is opinion). As discussed above, that description is privileged because it "fairly characterizes" the subject of Morley's testimony. *Karp*, 631 F. Supp. at 364. It also is protected as opinion.

Morley attempts to analogize the Episode's use of "similar" with the "'similarly situated' standard" in "employment and equal protection cases." Opp. at 23. That standard has no applicability here. The phrase "similarly situated" is a legal term of art in the unique context of anti-discrimination laws. *See, e.g.*, *Graham v. Long Island R.R.*, 230 F.3d 34, 40 (2d Cir. 2000) (describing two-part test). Here, the word "similar" was used by a layperson during a satirical television program. In that context, the term provides a subjective perspective that lacks any precise meaning, underscoring its status as non-actionable opinion. *See, e.g.*, *Jeanty v. Cerminaro*, 2023 WL 325012, at *7 (2d Cir. Jan. 20, 2023) ("[B]ecause the term 'difficult' in this context is not an objective fact that could be proven to be true or false, its use was not defamatory."); *Chau*, 771 F.3d at 128 (statements are more likely to be opinion if they are not "readily understood by the reader to have a precise, unambiguous and definite meaning").

*Last Week Tonight* was not required to disclose its criteria for calling McDonald and Facenda "similar," as Morley contends, Opp. at 23-24, because the comparison was inherently subjective. When there is no objective benchmark for a comparison, the opinion doctrine provides the freedom to express a comparative assessment without disclosing the facts on which that assessment is based. *See, e.g.*, *Aviation Charter v. Aviation Rsch. Grp./US*, 416 F.3d 864, 870-71 (8th Cir. 2005) (safety rating was protected opinion where defendant "chose which underlying data to prioritize, performed a subjective review of those data, and defined 'safety'

relative to its own methodology"); *Compuware v. Moody's Invs. Servs.*, 499 F.3d 520, 529 (6th Cir. 2007) (credit rating based on "subjective and discretionary weighing of complex factors" did not "communicate[] any provably false factual connotation"). Just as a safety or credit rating reflects a subjective assessment that is protected opinion, so too does describing as "similar" two Iowa Medicaid patients with cerebral palsy who could not wipe themselves clean.

**V.     Morley's Factual Allegations Are Insufficient to Demonstrate Actual Malice.**

There is no dispute that Morley must plead, and eventually prove, actual malice. Opp. at 24-27. Tellingly, the Opposition fails to acknowledge what Morley's Complaint admits: Defendants contacted him for an interview, and he declined to comment. Compl. ¶ 58. Morley faults *Last Week Tonight* for not interviewing McDonald, Opp. at 27, but the show was under no obligation to do so. The choice of whether to interview *McDonald* is irrelevant to whether the show broadcast *Morley*'s testimony with actual malice – particularly given that the Episode quoted the same language from Morley's testimony that was front and center in McDonald's appeal. Br. at 5.[1]

Further, AJ+ is not a "source[] known to be unreliable." Opp. at 27. Even if it were, *Last Week Tonight* did not rely on AJ+'s characterization of Morley's testimony. Instead, the show reviewed the testimony itself, Compl. ¶¶ 57 & n.1, 60, and did *not* repeat or otherwise endorse AJ+'s incorrect statement that Morley's testimony "justified denying diaper-changing services," Opp. at 5-6 (acknowledging show "replaced" that statement).

Morley has not pled facts showing the Episode was broadcast with actual malice.

---

[1] Morley quibbles with *Last Week Tonight* for stating that "McDonald challenged the coverage denial," when "it was actually his home health provider," Opp. at 9 n.2, but McDonald was listed as a party throughout the proceedings, Berry Decl. Exs. D-F.

VI.    **All Exhibits Are Properly Before the Court.**

The Opposition incorrectly argues the Court cannot consider certain materials submitted

with the Motion.  Opp. at 11-12.  The state court records from McDonald's appeal are judicially

noticeable as public records, independent of whether they are incorporated by reference or

integral to the Complaint.  *See* Br. at 8 n.3 (citing Fed. R. Evid. 201(b)(2)); *see also Biro*, 883 F.

Supp. 2d at 478 (taking judicial notice of court records for purposes of fair report privilege).

There is no "hearsay issue," Opp. at 11 n.4, as *Last Week Tonight* is relying on the records "not

for the truth of the matters asserted in the other litigation, but rather to establish the fact of such

litigation and related filings."  *Zappin v. Daily News*, 2017 WL 3425765, at *6 n.9 (S.D.N.Y.

Aug. 9, 2017).

The *Des Moines Register* reports also are properly before the Court, as the Complaint

references unspecified "prior news coverage of" McDonald's case.  Compl. ¶ 107.  The case

cited by Morley is thus inapposite.  There, unlike here, the complaint referenced a specific

*Breitbart* article, but the defendants sought to rely on a *Politico* report that was not "cited or

referenced in the segment."  *Nunes v. NBCUniversal Media*, 643 F. Supp. 3d 403, 419-20

(S.D.N.Y. 2022) (cited in Opp. at 12).  Morley's belated contention that the newspaper articles

were not the "prior news coverage" the show allegedly "ignored" seems designed to elide those

articles' consistency with the Episode's depiction of his testimony.  *See Brimelow v. N.Y. Times*,

2020 WL 7405261, at *1 n.1 (S.D.N.Y. Dec. 16, 2020) (considering publications to be

incorporated by reference where plaintiff "possesses those writings and indeed criticizes

[defendant] for not citing to this material"), *aff'd*, 2021 WL 4901969 (2d Cir. Oct. 21, 2021).

In any event, one of those reports is expressly referenced in the Episode:



Episode at 29:57; *see* Berry Decl. Ex. K (article referenced in Episode); *Brimelow*, 2020 WL

7405261, at *1 n.1 (considering articles referenced in at-issue publication).[2]

## VII.    If the Court Grants this Motion, Defendants Will Be Entitled to Attorney's Fees Under the Anti-SLAPP Law.

The fee-shifting provision of New York's anti-SLAPP statute applies in federal court,

entitling Oliver and PIP to an award of attorney's fees and costs if the Court grants their Motion

to Dismiss.  While, as Morley points out, there are district court decisions going the other way,

Opp. at 28, Judge Oetken's well-reasoned opinion in *Bobulinski v. Tarlov* presents the better

argument.  758 F. Supp. 3d at 183 (cited in Br. at 28-30).  The Second Circuit's rulings in *La*

*Liberte v. Reid* and *Adelson v. Harris* are not to the contrary.  Opp. at 28.  *Adelson* "found it

'unproblematic' to conclude that the mandatory fee-shifting provision in Nevada's anti-SLAPP

law was 'substantive within the meaning of *Erie*' and 'does not squarely conflict with a valid

federal rule.'"  *Bobulinski*, 758 F. Supp. 3d at 183 (quoting *Adelson*, 774 F.3d 803, 809 (2d Cir.

2014)).  "The court in *La Liberte* did not purport to overrule its earlier decision in *Adelson*," but

---

[2] The Court need not rely on either *Des Moines Register* report to grant this Motion, as *Last Week Tonight* solely referenced them in its background discussion to show the preexisting public controversy concerning Morley's testimony.

rather held that the California anti-SLAPP statute's special motion to strike procedures were inapplicable in federal court. *Id.* at 184 (quoting *La Liberte*, 966 F.3d 79, 86-89 (2d Cir. 2020)). New York's fee-shifting provision "operates more like the Nevada anti-SLAPP law at issue in *Adelson*" because it "is doing no procedural work; it is merely defining the substantive standard for entitlement to attorney's fees," and thus applies in federal court. *Id.* at 184, 186. Oliver and PIP therefore request an opportunity to seek their attorney's fees if this Motion is granted.

Dated: July 21, 2025                    Respectfully submitted,

                                        BALLARD SPAHR LLP

                                        By:  */s/ Michael Berry*
                                             Michael Berry
                                             Elizabeth Seidlin-Bernstein
                                             1735 Market Street, 51st Floor
                                             Philadelphia, PA 19103
                                             Tel: (215) 665-8500
                                             Fax: (215) 864-8999
                                             berrym@ballardspahr.com
                                             seidline@ballardspahr.com

                                             Sasha Dudding (application pending)
                                             1675 Broadway, 19th Floor
                                             New York, NY 10019
                                             Tel: (212) 223-0200
                                             Fax: (212) 223-1942
                                             duddings@ballardspahr.com

                                             *Attorneys for Defendants John Oliver and Partially Important Productions, LLC*

**WORD COUNT CERTIFICATION**

I, Michael Berry, hereby certify that this Memorandum contains 3,500 words and is in compliance with Local Rule 7.1.  In preparing this certification, I relied on the word count of the word-processing system used to prepare this document.


Dated: July 21, 2025                          /s/ *Michael Berry*
                                              Michael Berry