

G. TAYLOR WILSON

Direct: 404.301.3406
twilson@wgwlawfirm.com

May 26, 2026

**VIA ECF**

Honorable Ronnie Abrams
U.S. District Court for the
  Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 1007

> Re:     *Morley v. Oliver, et al.* | Case No. 25-cv-2563 (RA)
>          Defendants' Rule 12(b)(6) Motion to Dismiss
>          <u>Notice of Supplemental Authority</u>

Dear Honorable Judge Abrams:

This law firm represents Plaintiff Brian Morley in the above matter. Thank you to the Court for its continued attention to this matter. While the Court considers its ruling on Defendants' Rule 12(b)(6) Motion to Dismiss ("Motion"), we write to provide notice of additional authority on a discrete question asked by the Court at oral argument: if the Court grants the Motion, "why doesn't that plain language [of the Anti-SLAPP] statute require the bringing of a claim of some sort as opposed to simply a motion for fees as part of a 12(b)(6) motion" (the "Question")? [Tr. 8-10]. Plaintiff respectfully requests that the Court consider this letter in its ruling and, of course, invites a response from Defendants and/or consents to supplemental briefing on the issue should the Court believe it appropriate.

On January 20, 2026—after briefing closed on July 21, 2025, and seven weeks before oral argument—the Supreme Court issued its decision in *Berk v. Choy*, 607 U.S. 187, 146 S.Ct. 546 (2026), attached hereto.[1] The question in *Berk* was whether a Delaware statute requiring a doctor's affidavit attesting to a suit's merit was applicable in federal court. In holding that the state-law requirement is "displaced" by the Federal Rules of Civil Procedure, the Court reiterated that "'the substantive nature of [a state] law, or its substantive purpose, *makes no difference*'," because "a valid Rule of Civil Procedure displaces contrary state law even if the state law would qualify as substantive under *Erie's* test." *Berk*, 607 U.S. 187, 188, 192 (italics in original).

Defendants have framed the Question as one of statutory construction—asserting New York's Anti-SLAPP statute (N.Y. Civ. Rights L. § 70-a(1)(a)) authorizes the

---

[1] While *Berk* was decided prior to argument, Plaintiff's counsel only recently discovered it because *Berk* is not a First Amendment dispute and it was thus not on counsel's radar by the time of argument.



Hon. Judge Abrams
ECF
May 26, 2026
Page 2 of 2

_____

the award of fees on the mere grant of a Rule 12(b)(6) motion. While Plaintiff continues to dispute that point, Defendants' reliance on *Bobulinski* in support is no longer tenable. *See*, *Bobulinski v. Tarlov*, 758 F. Supp. 3d 166 (S.D.N.Y. 2024), *appeal withdrawn*, 25-17, 2025 WOL 1009663 (2d Cir. Mar. 31, 2025); *see also* Dkt. 22 ECF 24-25, 28-30. Even assuming *arguendo* that the Anti-SLAPP statute allows for an award of attorneys' fees on the grant of a Rule 12(b)(6) motion, Fed. R. Civ. P. 11 unmistakably answers the circumstances under which the filing of a lawsuit triggers an award of attorneys' fees in federal court.

Judge Oetken's analysis in *Bobulinski* relied principally on Justice Stevens' concurring opinion in *Shady Grove* (rather than Justice Scalia's leading plurality opinion), and therefore explicitly engaged in "a second step" analysis not performed by "the *Shady Grove* majority's query," asking "'whether the state law actually is part of a State's framework of substantive rights or remedies,'" 758 F. Supp. 3d 166, 186-87 & n.24 (discussing *Shady Grove* and the intra-District split on availability of New York's Anti-SLAPP in federal court). In short, *Bobulinski* presumed that a substantive state law must be applied in federal court. *Berk* firmly rejected that approach and reiterated Justice Scalia's majority test: "when a Federal Rule of Civil Procedure is on point, a federal court bypasses *Erie's* [substantive or procedural] inquiry altogether… If a Federal Rule answers the disputed question, it governs…." 607 U.S. at 192 (citing *Shady Grove*).

As to Defendants' reliance on *Adelson* [Dkt. 22 ECF 35]—rather than *La Liberte v. Reid*, 966 F.3d 79 (2d Cir. 2020)—*Adelson* was construing a Nevada statute and, more importantly, the trial court there first granted a Rule 12 motion and then "extended *nunc pro tunc* the statutory time to file a Nevada anti-SLAPP motion" for fees and costs. *Adelson v. Harris*, 774 F.3d 803, 806-07 (2d Cir. 2014). *Adelson* has no bearing here procedurally, and *Berk*, at a minimum, casts significant doubt on *Adelson's Erie* analysis.

Plaintiff thus re-states his reliance on *Brady v. NYP Holdings, Inc.*, 2022 WL 992631, at *11 (S.D.N.Y. Mar. 31, 2022). [Dkt. 30 ECF 28 n. 14, 29]. As *Brady* explains, Rule 11 unmistakably answers the question in dispute—whether a defendant is entitled to an award of attorneys' fees on the grant of a Rule 12 motion. Because only the Rule 12 Motion is pending, this court need not decide at this time whether a separately filed claim—seeking an award of fees for the filing of litigation, not underlying tortious conduct with a fee-shifting provision—would additionally conflict with Rule 11.

Plaintiff respectfully submits that *Berk's* reasoning terminates with finality any request by Defendants for the recovery of fees and expenses in the current posture.

Sincerely,

*/s/ G. Taylor Wilson*

G. Taylor Wilson