# Ballard Spahr
LLP

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
TEL 215.665.8500
FAX 215.864.8999
www.ballardspahr.com

Michael Berry
Tel: 215.988.9773
berrym@ballardspahr.com

June 11, 2026

*By Electronic Filing*

Hon. Ronnie Abrams
U.S. District Court for the
  Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:    *Morley v. Oliver*, No. 25-cv-2563
      Consent Motion to Stay Rule 54 Deadline

Application granted.

SO ORDERED.

Hon. Ronnie Abrams
June 16, 2026

Dear Judge Abrams:

This firm represents Defendants John Oliver and Partially Important Productions, LLC in the above-referenced case. In the interest of judicial economy, we write to request that Defendants' deadline to file a motion for attorneys' fees pursuant to Rule 54 of the Federal Rules of Civil Procedure be stayed pending the disposition of the ongoing appeal before the Second Circuit in *Wang v. Sussman*, Nos. 25-2487-cv, 25-2503-cv, which will likely address the availability of and procedure for obtaining attorneys' fees under New York's anti-SLAPP law in federal court. Plaintiff Brian Morley has consented to this request.

On June 2, 2026, Your Honor entered an Opinion and Order dismissing the Complaint for failure to state a claim pursuant to Rule 12(b)(6) and denying Defendants' request for attorneys' fees under New York's anti-SLAPP law, Civil Rights Law § 70-a. ECF No. 35. The Opinion noted that "courts in this District are divided" on the applicability of the anti-SLAPP law's fees provision in federal court, but that Your Honor did "not need to reach this question" because Defendants had "not sought fees via the proper procedural vehicle," as they had made the request as part of their motion to dismiss. *Id.* at 26.

The following day, the Clerk entered judgment, ECF No. 36, starting the clock for Defendants to file a motion for attorneys' fees under Rule 54. The deadline for such a motion is June 17. *See* Fed. R. Civ. P. 54(d)(2)(B) (unless "a court order provides otherwise," a fees motion must "be filed no later than 14 days after the entry of judgment").

Defendants recognize that courts are divided not only on the applicability of New York's anti-SLAPP law in federal court, but also on an issue Your Honor asked about at oral

Hon. Ronnie Abrams
June 11, 2026
Page 2

argument, Mar. 9, 2026 Tr. at 9-10:  whether fees must be sought through a claim, crossclaim, or counterclaim, or whether they can be sought through a separate motion for attorneys' fees.  *Compare, e.g.*, *Button v. New York Times Co.*, 2025 WL 2643674, at *21 (S.D.N.Y. Sept. 15, 2025) (declining to award fees on a motion brought under Rule 12(b)(b) and inviting a motion to be filed under Rule 54), *and Richey v. Showtime Networks Inc.*, 2026 WL 867264, at **5-6 (D. Del. Mar. 30, 2026) (Bibas, J., sitting by designation) (same), *with Lively v. Wayfarer Studios LLC*, 2026 WL 852733, at *4 (S.D.N.Y. Mar. 27, 2026) (following the "emerging trend of cases favoring the application of the substantive standards of the New York anti-SLAPP statute in federal court," but holding that a party seeking fees must file a standalone claim rather than a fees motion).

The parties in this case have not briefed the second issue.  It is currently pending before the Second Circuit as part of the appeal of Judge Subramanian's decision in *Wang v. Sussman*, 2025 WL 2607155 (S.D.N.Y. Sept. 9, 2025), which denied the defendants' Rule 54 motion seeking fees under New York's anti-SLAPP law following a successful motion to dismiss the plaintiff's defamation claims.  *See Wang v. Sussman*, Nos. 25-2487-cv, 25-2503-cv (2d Cir.).  The *Wang* appeal is likely to resolve both the question of whether the fees provision applies in federal court and, if so, the question of whether such fees can be recovered through a Rule 54 motion.  Briefing in that appeal is currently underway.

Because the Second Circuit's anticipated ruling in *Wang* will determine the viability of a Rule 54 motion in this case, Defendants respectfully request that the Court stay their deadline for filing a Rule 54 motion until 21 days after the Second Circuit issues a ruling or otherwise disposes of the *Wang* case.  Such relief would preserve the Court's and the parties' resources until the Second Circuit has had the opportunity to address these contested issues relating to New York's anti-SLAPP law.

A proposed order is enclosed.  Thank you for your consideration.[1]

Respectfully submitted,

Michael Berry

---

[1] If the Court denies Defendants' request for a stay of the Rule 54 deadline, Defendants respectfully request a 21-day extension of the deadline in the alternative, to permit full briefing on the contested legal issues and to accommodate counsel's planned vacations.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X

BRIAN MORLEY,                        :

                              :

          Plaintiff,           :

                              :   No. 25-cv-2563-RA

          v.               :

                              :

JOHN OLIVER and PARTIALLY IMPORTANT  :
PRODUCTIONS, LLC,                 :

                              :

          Defendants.      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X

## [PROPOSED] ORDER

**AND NOW**, this \_\_\_ day of _____, 2026, upon consideration of Defendants'

consent motion to stay the deadline for filing a motion for attorneys' fees pursuant to Rule 54 of

the Federal Rules of Civil Procedure, it is hereby **ORDERED** that the motion is **GRANTED**.

Defendants' deadline for filing any Rule 54 motion for attorneys' fees under New York's

anti-SLAPP law based on the judgment entered on June 3, 2026 (ECF No. 36) is **STAYED** until

21 days after the U.S. Court of Appeals for the Second Circuit issues a ruling on the availability

of attorneys' fees in federal court or otherwise disposes of the appeals in *Wang v. Sussmann*,

Nos. 25-2487-cv, 25-2503-cv (2d Cir.).

                                        _____

                                        Hon. Ronnie Abrams, U.S.D.J.